IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,666-01





EX PARTE RAUL CORTEZ







ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 416-82415-07 IN THE 416TH JUDICIAL DISTRICT COURT


COLLIN COUNTY




 Per curiam.

O R D E R



 This is a post conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure article 11.071.

 Applicant was convicted in February 2009 of capital murder committed on March 12,
2004. Tex. Penal Code Ann. § 19.03(a)(2). Based on the jury's answers to the special
issues set forth in the Texas Code of Criminal Procedure, Article 37.071, sections 2(b) and
2(e), the trial court sentenced him to death. Art. 37.071, § 2(g). (1) This Court affirmed
applicant's conviction and sentence on direct appeal. Cortez v. State, AP-76,101 (Tex. Crim.
App. Sept. 14, 2011) (not designated for publication).

 Applicant presented eleven allegations in his application in which he challenges the
validity of his conviction and sentence. (2) The trial court held a live evidentiary hearing. As
to all of these allegations, the trial judge entered findings of fact and conclusions of law and
recommended that relief be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judge's recommendation and adopt the trial judge's findings and
conclusions, except for Findings and Conclusions p.47, subparagraphs 320(a) and (b). We
also observe that Findings and Conclusions p.2, Ground 9, which reads, "that his trial counsel
rendered ineffective assistance at the punishment stage of trial," should instead read, "that
his appellate counsel rendered ineffective assistance on direct appeal." Based upon the trial
court's findings and conclusions and our own review of the record, relief is denied.

 IT IS SO ORDERED THIS THE 6TH DAY OF FEBRUARY, 2013.

Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.
2. This application was file-stamped by the district clerk on May 31, 2011 - five days after
the May 26, 2011 due date provided by Article 11.071, Section 4, and the trial court's order
granting an extension under Section 4(b). The application does not contain any explanation for
the untimely filing but instead recites that it is timely filed. The verification signed by
applicant's counsel is dated May 26, 2011. We take judicial notice that May 26, 2011, was a
Thursday, and May 31, 2011, was the Tuesday following Memorial Day.


 Rather than notifying this Court under Section 4(d), the trial court proceeded as if the
application had been timely filed. The State did not object, and the record is now fully
developed.


 Article 11.071, Section 4A allows (but does not require) this Court to command
applicant's counsel to show cause as to why the application was untimely. Art. 11.071, § 4A(a). 
Under the particular circumstances presented in this case, we have elected not to command
counsel to show cause under Section 4A. We will instead address the merits of the application.